# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2935

———————

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Darius Terrel Whiting, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

———————

Submitted: June 10, 2008
Filed: June 16, 2008

———————

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Darius Terrel Whiting pled guilty to three offenses: conspiracy to distribute and possess with the intent to distribute cocaine and 50 grams or more of cocaine base within 1,000 feet of a playground, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 860(a); possession of one or more firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); and conspiracy to commit money laundering, 18 U.S.C. §§ 1956(a)(1)(A)(i), (h), 1957(a). Whiting admitted that he had previously been convicted of two felony drug offenses in Cook County, Illinois. Consequently, the

district court[1] imposed a mandatory life sentence on the drug conspiracy count, to be served concurrently with a 240-month sentence on the money laundering count and consecutively with a 60-month sentence on the firearm possession count.

Whiting now challenges his mandatory life sentence on the drug conspiracy count as violating his Eighth Amendment right to be free from cruel and unusual punishment. A person who distributes or possesses with intent to distribute 50 grams or more of a mixture containing cocaine base "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment without release . . . ." 21 U.S.C. § 841(b)(1)(A). He argues that the punishment of life imprisonment is grossly disproportionate to the offenses he committed and therefore cruel and unusual. He asserts that the sentence is also cruel and unusual as applied to him, because he committed the two prior offenses at the young ages of 19 and 22, before he had matured into adulthood. The constitutionality of a statute is a question of law, which we review *de novo*. United States v. Garcia, 521 F.3d 898, 901 (8th Cir. 2008).

In Harmelin v. Michigan, the Supreme Court concluded that a sentence of mandatory life imprisonment with no possibility of parole for the possession of 672 grams of cocaine did not violate the Eighth Amendment, even though the defendant had no prior felony convictions. 501 U.S. 957, 990, 1009 (1991) (opinion of Scalia, J., & Kennedy, J., concurring). The Supreme Court declared that it had "drawn the line of required individualized sentencing at capital cases, and s[aw] no basis for extending it further." Id. at 996 (majority opinion). We have interpreted the fractured Harmelin opinion to signify that "[o]ur review to determine whether a sentence is grossly disproportionate is quite narrow." United States v. Prior, 107 F.3d 654, 660 (8th Cir. 1997).

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

The district court found that Whiting was responsible for 210.80 grams of cocaine base, 1,942.20 grams of cocaine, and 14.62 grams of marijuana. Comparing the facts of the case before us to the facts of Harmelin, we conclude that the mandatory life sentence did not violate the Eighth Amendment ban on cruel and unusual punishment. See, e.g., United States v. Whitehead, 487 F.3d 1068, 1070-71 (8th Cir.), cert. denied, 128 S. Ct. 693 (2007) (52.06 grams of crack cocaine, .91 grams of powder cocaine, 17.31 grams of marijuana, and 2.71 grams of heroin); United States v. Collins, 340 F.3d 672, 679-80 (8th Cir. 2003) (more than 500 grams of methamphetamine); Prior, 107 F.3d at 660 (1,147.6 grams of methamphetamine); United States v. Jones, 965 F.2d 1507, 1511, 1517-18 (8th Cir. 1992) (more than 50 grams of cocaine base). Considering the massive quantity of drugs and his two prior drug convictions, Whiting's sentence was not within the narrow band of "grossly disproportionate" punishment prohibited by the Eighth Amendment.

We accordingly affirm the sentence imposed by the district court.

_____