# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3251

_____

United States of America,      *
                            *

           Appellee,      *

                            *    Appeal from the United States
      v.                 *    District Court for the
                            *    District of Minnesota.

James Brock Williams,      *

                            *

          Appellant.     *

_____

Submitted:  May 13, 2008
Filed:  July 28, 2008

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

James Brock Williams was convicted by a jury of conspiracy to possess with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 851, possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851.  He appeals his conviction, arguing that the district court[1] erred in denying his motion to suppress, by admitting evidence of his prior conviction, by not determining that other

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

prior bad acts evidence would not be admitted in a future trial, and by not granting his motion for acquittal on the conspiracy charge based upon insufficiency of the evidence. He also challenges his sentence, arguing that life imprisonment is disproportionate to his crime and therefore violates the Eighth Amendment. We affirm.

## I. Background

In June 2006, a confidential informant told Officer Mark Nelson of the St. Paul Police Department and Special Agent William Murphy of the Drug Enforcement Administration that he could purchase crack cocaine from Williams. Nelson had previously worked with the informant and found him to be reliable. On June 27, 2007, the informant arranged to buy 4.5 ounces of crack cocaine from Williams. Shortly after the informant and Williams spoke on the phone, the officers observed Williams arrive at the agreed-upon location. The officers were listening to the informant's conversation via a broadcast device and heard Williams tell the informant, "I got it." The informant told Williams he would get the money, but instead, he contacted the officers and informed them that Williams had the drugs in a black plastic bag and that they could move in to make the arrest. Williams returned to his vehicle and sat in the driver's seat.

The arrest team initiated contact with Williams and found a black plastic bag near the driver's seat of the vehicle. The bag contained a baggie of 54.8 grams of a mixture of powder cocaine, and a baggie of 66.3 grams of a mixture of crack cocaine. Williams was arrested and searched, revealing the presence of 3.9 grams of crack cocaine on his person.

After being given his Miranda rights, Williams told Nelson and Murphy that he had arranged to deliver 4.5 ounces of cocaine to the confidential informant and that the drugs found in his vehicle were the drugs he intended to deliver. Williams

identified two of his sources for narcotics and described his drug-dealing activities during the prior eighteen months, which included the purchase of more than 40 ounces of crack cocaine.

Williams was indicted on the three counts described above. The government filed an information pursuant to 21 U.S.C. § 851, requesting life imprisonment based upon Williams's criminal history. Williams filed a motion to suppress the evidence found in his vehicle. The district court[2] denied the motion, concluding that the officers had probable cause to believe that Williams had narcotics in the vehicle.

The district court admitted, under Rule 404(b) of the Federal Rules of Evidence, evidence of Williams's 2004 conviction for third degree sale of cocaine. During the trial, the government elicited testimony from the informant that he had purchased drugs from Williams prior to June of 2006. Williams moved for a mistrial on the ground that that testimony had not been disclosed before trial, as required by Rule 404(b). The district court initially denied the motion, concluding that the testimony was harmless. Shortly thereafter, however, the district court informed Williams that the motion would be granted if renewed. Williams's counsel then inquired whether the testimony would be excluded from the new trial based upon the discovery violation. The district court declined to make that determination, whereupon Williams withdrew the motion. The testimony at issue was stricken from the record, and the jury was instructed that it could not consider it.

Williams was convicted on all three counts. The district court imposed a sentence of life imprisonment on each of the first two counts pursuant to the mandatory sentence in 21 U.S.C. § 841(b)(1)(A), and 360 months' imprisonment on the third count, to be served concurrently. The district court expressed its

---

[2]The district court adopted the report and recommendation of the Honorable Jeanne J. Graham, United States Magistrate Judge.

dissatisfaction with the congressionally mandated life sentence, believing that it was excessive in the circumstances of Williams's case.

## II. Analysis

Williams asserts that the district court erred by denying his motion to suppress because the officers did not have probable cause to search his vehicle. We review the district court's factual findings regarding a motion to suppress for clear error and we review *de novo* the district court's legal determination of probable cause. United States v. Johnson, 528 F.3d 575, 579 (8th Cir. 2008).

We conclude that the district court properly denied Williams's motion to suppress. The search of Williams's vehicle occurred after the law enforcement officers arranged the drug transaction through an informant who had provided reliable information in the past. The officers observed Williams arrive at the specified location, and the informant told the officers he had seen the drugs. Given these circumstances, there was a fair probability that the officers would find drugs in Williams's vehicle. See United States v. Donnelly, 475 F.3d 946, 954 (8th Cir. 2007) (probable cause exists if, under the totality of the circumstances, there is a fair probability that evidence of illegal activity will be found in a particular location); United States v. Gabrio, 295 F.3d 880, 883 (8th Cir. 2002) (information from a confidential informant can be sufficient to establish probable cause if it is corroborated by independent evidence or the informant has a track record of providing reliable information). The officers thus had probable cause to search Williams's vehicle under the automobile exception to the warrant requirement. See United States v. Brown, 49 F.3d 1346, 1350 (8th Cir. 1995) (officers had probable cause to search vehicle that arrived at specified location to deliver drugs).

Williams contends that the district court abused its discretion by admitting evidence of his prior conviction because it was admitted to prove propensity and its

-4-

unfair prejudice outweighed any probative value. See United States v. Dorsey, 523 F.3d 878, 879 (8th Cir. 2008) (standard of review). Rule 404(b) allows evidence of past crimes to be admitted to prove, among other things, knowledge or intent. Fed. R. Evid. 404(b). "The evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006) (internal quotation omitted). We will reverse the district court's determination that a prior conviction is admissible "only when the evidence clearly has no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." Id. (internal quotation omitted).

We have upheld the district court's admission of evidence of a defendant's prior drug convictions to prove knowledge and intent in the face of the defendant's denial of the offense. See, e.g., United States v. Hessman, 493 F.3d 977, 983 (8th Cir. 2007) (evidence of prior drug convictions admitted to show knowledge and intent of conspiracy to distribute drugs); United States v. Cook, 454 F.3d 938, 941 (8th Cir. 2006) (citing United States v. Love, 419 F.3d 825, 828 (8th Cir. 2005)). The government was required to prove that Williams knowingly possessed the drugs and that he intended to distribute them. The district court admitted Williams's prior conviction for drug distribution as proof of that knowledge and intent, but did not admit Williams's prior conviction for drug possession. We conclude that the district court did not abuse its discretion in determining that the evidence was not admitted to show propensity and that its probative value was not substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403. Furthermore, the risk of unfair prejudice to Williams was minimized by the district court's instruction that the jury use the evidence of the prior conviction to show only knowledge and intent and not propensity. See id.

Williams's next argument is that the district court abused its discretion by not excluding from all future proceedings the evidence of his drug dealing relationship with the informant. Williams frames this issue in terms of the district court's refusal to sanction the government for failing to disclose the testimony prior to trial pursuant to Rule 404(b). We review the district court's decision to exclude evidence as a sanction for a discovery violation for abuse of discretion. United States v. Pherigo, 327 F.3d 690, 694 (8th Cir. 2003) (considering "(1) whether the Government acted in bad faith and the reason(s) for delay in production; (2) whether there is any prejudice to the defendant; and (3) whether any lesser sanction is appropriate to secure future Government compliance.").

The district court excluded the evidence by striking it from the record and instructing the jury to disregard it. Williams accepted this sanction by withdrawing his motion for mistrial and accepting the district court's limiting instruction. Williams's only complaint on appeal is that the district court did not conclusively rule that the evidence would be inadmissible in a future trial, should one be granted. Assuming the existence of a discovery violation, we cannot say that it was an abuse of discretion for the district court to refuse to sanction the government in all future proceedings. There is no evidence that the government acted in bad faith, and we believe that Williams's withdrawal of his motion for mistrial in the face of his knowledge that it would be granted if reasserted, suggests that he believed the lesser sanction that the district court imposed was adequate to overcome any prejudice that resulted from the government's failure to disclose the evidence before trial.

Williams also challenges the sufficiency of the evidence against him on the charge of conspiracy, asserting that the only evidence of a conspiracy was a single, isolated drug transaction. We review *de novo* the sufficiency of the evidence, viewing the evidence in the light most favorable to the verdict, resolving conflicts in the verdict's favor, and accepting all reasonable inferences that support the verdict. United States v. Piwowar, 492 F.3d 953, 955 (8th Cir. 2007). This is a strict standard,

and we will reverse a conviction "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (internal quotation omitted). To convict Williams of conspiracy to distribute crack cocaine, the government had to prove that a conspiracy to distribute crack cocaine existed, that Williams knew of the conspiracy, and that Williams intentionally joined the conspiracy. See United States v. Espino, 317 F.3d 788, 792 (8th Cir. 2003). A formal agreement is not required to create a conspiracy, and the existence of a conspiracy can be proved by direct or circumstantial evidence. Id.

As recounted above, the evidence presented at trial more than adequately supports Williams's conviction. Williams's interaction with and statements to the informant were consistent with the distribution of drugs. Likewise, the drug quantities found in Williams's vehicle suggest that Williams was not merely a drug user, but that he was involved in a drug distribution ring. See United States v. Prieskorn, 658 F.2d 631, 634-35 (8th Cir. 1981) (possession of a large amount of drugs raises an inference of knowledge of a drug distribution venture that goes beyond an isolated buyer-seller transaction). Additionally, Williams identified two of his drug sources and told law enforcement officers that he had received more than 40 ounces of crack cocaine in the prior eighteen months. See United States v. Hester, 140 F.3d 753, 757 (8th Cir. 1998) (the jury instruction that a buyer-seller relationship does not establish a conspiracy is not appropriate if there is evidence that the defendant was involved in multiple drug transactions). Accordingly, the district court did not err in denying Williams's motion for judgment of acquittal.

Finally, Williams challenges his sentence of life imprisonment, arguing that the sentence is grossly disproportionate to his crime and his criminal history and therefore violates the Eighth Amendment. Williams was convicted of conspiring to possess with intent to distribute more than fifty grams of crack cocaine, and possession with intent to distribute more than fifty grams of crack cocaine. He also has two prior felony drug convictions. Thus, under 21 U.S.C. § 841(b)(1)(A),

Williams was subject to a mandatory life sentence. Whether or not we agree with the district court's concern that the life sentence is excessive, see United States v. Robinson, 110 F.3d 1320, 1328-29 (8th Cir. 1997) (Heaney, J., concurring), our circuit precedent upholding the constitutionality of life sentences imposed under § 841(b)(1)(A) mandates the affirmance of that sentence. See, e.g., United States v. Whiting, 528 F.3d 595, 596-97 (8th Cir. 2008) (per curiam) (citing cases).

The judgment is affirmed.

_____