# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1091

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Justin Cole, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: May 14, 2008
Filed: August 12, 2008 (Corrected: 8/14/2008)

_____

Before RILEY, BOWMAN, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Justin Cole appeals his convictions and sentence on two drug-related counts. Cole raises three arguments: (1) that at trial, the Government failed to prove beyond a reasonable doubt that the substance he possessed was crack cocaine, (2) that the

district court[1] abused its discretion in admitting his prior convictions under Rule 404(b), and (3) that the district court erred in applying a preponderance of the evidence standard at sentencing when determining drug quantity. We affirm.

## I.

Cole was arrested at his residence in connection with the execution of a search warrant by the Tri-County Drug Task Force. The officers seized a small plastic baggie containing cocaine residue, a baggie of marijuana weighing 2.3 grams, and a blunt (a cigar in which the tobacco has been removed and replaced with marijuana) containing .8 grams of marijuana. In a kitchen canister they found 47.58 grams of what appeared to be cocaine base. A digital scale and two boxes of plastic sandwich bags were found above the canister. Officers seized $726 from Cole's person. The Iowa Division of Criminal Investigation laboratory tested the substance found in the canister and determined that it was cocaine base. The lab chemist, Patricia Krahn, testified that from her experience and observation, this cocaine base was in the crack form. At trial, two of Cole's neighbors testified concerning additional amounts of crack, totaling 141 grams, that they had observed Cole purchase. There was also testimony that Cole had sold crack to certain individuals.

Prior to trial, the district court ruled that Cole's previous convictions were admissible for the purpose of demonstrating intent, knowledge, motive, and lack of mistake or accident. Fed. R. Evid. 404(b). Cole then stipulated that he had been previously convicted of three state law offenses–possession of marijuana on October 19, 2000, and on February 10, 2004, and possession of marijuana along with possession of cocaine base with intent to distribute on January 9, 2000. Cole preserved his objection to the Rule 404(b) ruling.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

A federal jury returned guilty verdicts on two counts of the three-count superseding indictment brought against Cole. The district court denied Cole's motion for a new trial and entered a judgment of conviction on count 1 for possession with intent to distribute 5 grams or more of crack cocaine within 1,000 feet of a school after a prior felony drug conviction, see 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 851, and 860; and on count 2 for possession of marijuana after two previous possession of marijuana convictions, see 21 U.S.C. §§ 844(a), 851. The Presentence Investigation Report assessed Cole with 189.33 grams of crack cocaine and 3.1 grams of marijuana based upon the trial testimony. The district court determined that the Government had proven by a preponderance of the evidence that Cole was responsible for a drug quantity of 150 grams or more of crack cocaine. After calculating the advisory guidelines range (including an adjustment in accordance with the crack amendment), the district court departed upward on the basis that Cole's criminal history was under represented and varied downward on the basis of the disparity in sentencing between crack and powder cocaine. See Kimbrough v. United States, 128 S. Ct. 558 (2007). The district court ultimately sentenced Cole to 210 months of imprisonment.

## II.

Cole first asserts that the district court erred in denying his motion for a new trial. A district court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). We review the denial of a new trial motion for an abuse of discretion, and we "will reverse only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." United States v. Walker, 393 F.3d 842, 848 (8th Cir.) (internal marks omitted), cert. denied, 546 U.S. 953 (2005). The authority to grant a new trial "should be exercised sparingly and with caution." United States v. Sturdivant, 513 F.3d 795, 802 (8th Cir. 2008) (internal marks omitted).

Cole's motion for a new trial was based on his assertion that the Government failed to prove beyond a reasonable doubt that the substance he possessed was crack cocaine, which is the type of cocaine base contemplated in 21 U.S.C. § 841. He argues that the Government failed to prove that the substance seized was crack because there was no evidence of the presence of baking soda. He also asserts that witness identification of the substance as crack from appearance alone is insufficient to meet the Government's burden.

The jury instructions in this case stated that to convict, the jury must find that the cocaine base was in the crack form. The instructions also informed the jury that crack "is usually prepared by processing cocaine hydrochloride and sodium bicarbonate (baking soda) and that usually appears in a lumpy, rocklike form." (Jury Instr. No. 2.) This is consistent with our cases stating that crack is the predominant form of cocaine base and that the term "cocaine base" as used in § 841 is intended to proscribe the use of crack. United States v. Vesey, 330 F.3d 1070, 1073 (8th Cir. 2003) (stating also that both "[t]he statute and our case law use the more generic term 'cocaine base' synonymously with the term 'crack'"); see also United States v. Crawford, 83 F.3d 964, 966 (8th Cir.) (citing with approval the Seventh Circuit's conclusion that "Congress intended the term cocaine base to refer to 'crack,' the smokable form of cocaine made by dissolving cocaine hydrochloride in water and baking soda and reducing it to a solid substance"), cert. denied, 519 U.S. 903 (1996). Although we have acknowledged that crack is usually processed using baking soda, nothing in the statute requires a chemical showing of the presence of baking soda or evidence that baking soda was actually used to make the crack at issue. We have held that the Government is not required to demonstrate the presence of baking soda in order to prove that the substance at issue is crack. See United States v. Whitehead, 487 F.3d 1068, 1072 (8th Cir.), cert. denied, 128 S. Ct. 693 (2007); United States v. Brown, 156 F.3d 813, 816 (8th Cir. 1998); United States v. Stewart, 122 F.3d 625, 628 (8th Cir. 1997).

Cole asserts that these holdings are not controlling because they were rendered in the sentencing context where the burden of proof is by a preponderance of the evidence rather than beyond a reasonable doubt. The burden of proof, however, does not alter our conclusion that the Government is not required to demonstrate the presence of baking soda in order to prove (beyond a reasonable doubt) that the substance is crack. It is well established in this circuit that the identity of a controlled substance can be proven beyond a reasonable doubt by circumstantial evidence and opinion testimony. See, e.g., United States v. Williams, 982 F.2d 1209, 1211-12 (8th Cir. 1992) (holding the evidence was sufficient to sustain the jury's finding that the substance was crack based on an expert's testimony that the substance was in the crack form, a chemical test indicating the presence of cocaine, and the testimony of an experienced narcotics agent who performed no chemical testing); United States v. Westbrook, 896 F.2d 330, 336 (8th Cir. 1990) (stating circumstantial evidence of a drug's identity may include opinion testimony of a witness who has experience with the substance); United States v. Meeks, 857 F.2d 1201, 1204 (8th Cir. 1988) ("The identity of a substance may be established by indirect circumstantial evidence beyond a reasonable doubt."). Other circuits agree. See, e.g., United States v. Hearn, No. 07-1613, 2008 WL 2778934, at *8 (7th Cir. July 18, 2008) (holding as established that the Government may prove a substance is crack by circumstantial testimony of those familiar with the drug); United States v. Baggett, 954 F.2d 674, 677 (11th Cir.) (stating that "[t]he law is quite clear that the introduction of a chemical analysis of the substance is not essential to conviction," (internal marks omitted) and cases cited therein), cert. denied, 504 U.S. 992 (1992).

Here, the Government presented the lab report identifying the off-white substance as cocaine base and the chemist's testimony that this cocaine base was in the crack form. The chemist stated that she does not use street names in her lab reports and indicated that, although processing crack with baking soda is the most common method, the sodium bicarbonate may all be used up in the manufacturing process and not appear in chemical testing. Additional identifying testimony came from an

officer with years of experience seizing crack and purchasing it as an undercover officer who testified that crack is an off-white, rocklike substance and that this substance was crack. Lay witness testimony also indicated that the substance seized was what the witness knew to be crack. No miscarriage of justice occurred in this case because the evidence was sufficient for a jury to identify the substance as crack beyond a reasonable doubt, and the jury did so. The district court did not err in denying Cole's motion for a new trial. Cf. United States v. Edwards, 397 F.3d 570, 577 (7th Cir.2005) (reaffirming that cocaine base as used in § 841(b) means crack and reversing enhanced sentence for cocaine base where the district court found that the substance was a noncrack form of cocaine base).

Cole next argues that the district court abused its discretion in admitting his prior convictions. Character or propensity evidence is inadmissible to prove that the defendant acted in conformity with his prior actions, but prior crimes "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see United States v. Thomas, 398 F.3d 1058, 1062 (8th Cir. 2005). Cole argues that this court's precedents improperly interpret Rule 404(b) as a rule of inclusion. This argument is without merit. We have long viewed Rule 404(b) as a rule of inclusion, see United States v. Brown, 499 F.3d 817, 822 (8th Cir. 2007), cert. denied, 128 S. Ct. 1222 (2008), and in our circuit, one panel is not at liberty to overrule the decision of another, see United States v. Prior, 107 F.3d 654, 660 (8th Cir.), cert. denied, 522 U.S. 824 (1997).

Cole also asserts that the district court abused its discretion because proving propensity was the only rational reason for the Government to offer the evidence of his convictions from 2000 and 2004. We review the district court's decision to admit evidence under this rule for an abuse of discretion. Brown, 499 F.3d at 822. Evidence of a prior conviction is admissible pursuant to Rule 404(b) if it is relevant to a material issue such as knowledge or intent, similar in kind and reasonably close in time to the

crime charged, proven by a preponderance of the evidence, and not unfairly prejudicial under Rule 403.  Thomas, 398 F.3d at 1062.  "We will reverse the district court's determination that a prior conviction is admissible only when the evidence clearly has no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts."  United States v. Williams, No. 07-3251, 2008 WL 2875812, at *3 (8th Cir. July 28, 2008) (internal marks omitted).  We have frequently upheld the admission of prior drug convictions for the purpose of proving intent and knowledge where the defendant denied the charged drug offense.  Id.; United States v. Marquez, 462 F.3d 826, 830 (8th Cir. 2006).  We bear in mind that all Rule 404(b) evidence is inherently prejudicial, but "the test under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice."  United States v. Cook, 454 F.3d 938, 941 (8th Cir. 2006) (emphasis in original).

The district court did not abuse its discretion by admitting Cole's prior convictions for the limited purposes of showing intent and knowledge.  Cole denied committing the charged offenses, and the prior convictions were very similar to the crimes charged.  The prior convictions occurred within three to seven years prior to the current charges, and Cole had spent some of that time in jail.  Additionally, the probative value of the prior convictions was not substantially outweighed by the danger of unfair prejudice because any such risk was minimized by the stipulation, which recited only the dates of conviction and the crimes, and the district court's limiting instruction to the jury.  See Marquez, 462 F.3d at 830 (upholding the admission of a very similar 11-year old prior conviction).

Cole's final argument is that the district court erred at sentencing by applying a preponderance of the evidence standard to determine drug quantity in excess of that found by the jury.  The jury found that he possessed with intent to deliver 5 grams or more of crack cocaine, and Cole argues that to base his sentence on any amount over 5 grams, the quantity must be proven beyond a reasonable doubt.  We have previously

held that under an advisory guidelines sentencing scheme, the standard of proof for judicial fact-finding at sentencing is proof by a preponderance of the evidence and that this standard satisfies both the Sixth Amendment, see United States v. Davis, 457 F.3d 817, 825 (8th Cir. 2006), cert. denied, 127 S. Ct. 1386 (2007), and the Fifth Amendment's guarantee of due process, see United States v. Okai, 454 F.3d 848, 851 (8th Cir.), cert. denied, 127 S. Ct. 697 (2006). See also United States v. McKay, 431 F.3d 1085, 1094 (8th Cir. 2005) (noting this court has "squarely rejected" the proposition that it is error for a district court to find drug quantity by a preponderance of the evidence at sentencing), cert. denied, 547 U.S. 1174, and cert. denied, 127 S. Ct. 46 (2006). Cole does not argue that the district court's drug quantity determination is clearly erroneous or that his sentence is otherwise unreasonable.

III.

Accordingly, we affirm the judgment of the district court.

_____