# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3525

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Lance Cockrell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 20, 2010
Filed: January 25, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Lance Cockrell appeals from the judgment of the District Court[1] entered on a jury verdict finding him guilty of conspiracy to possess with intent to distribute cocaine and cocaine base. The court sentenced Cockrell to 120 months in prison and five years of supervised release. On appeal, Cockrell's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence to support the jury's verdict. Following careful de novo review, we affirm. See United States v. Williams, 534 F.3d 980, 985 (8th Cir. 2008) (standard of review).

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

The evidence at trial included the testimony of Drug Enforcement Administration agents who conducted surveillance, monitored telephone conversations, interpreted those conversations, and interviewed Cockrell after executing a search warrant at his residence. The agent who conducted the interview testified that Cockrell admitted that he permitted his residence to be used as a "stash house" for the drugs and that Cockrell acknowledged brokering drug transactions for others. We conclude that the evidence in this case was legally sufficient to support the conviction. See id. (noting that to convict on charge of conspiracy, government must prove, by direct or circumstantial evidence, existence of agreement to distribute illegal drugs and that defendant knew of conspiracy and intentionally joined it); United States v. Nunez, 257 F.3d 758, 763–64 (8th Cir. 2001) (affirming conviction based on evidence that supported government's theory that defendant's role in drug conspiracy included maintaining stash house and collecting proceeds from drug sales carried out by coconspirator).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. We affirm the judgment of the District Court and grant counsel's motion to withdraw, provided that counsel inform Cockrell about the procedures for filing pro se petitions for rehearing and for certiorari.

_____