# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3214

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | On Appeal from the United |
| | * | States District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| Branyon Dale Pippenger, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 18, 2010
Filed: November 24, 2010

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Branyon Pippenger was convicted by a jury of conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced Pippenger to the mandatory minimum sentence of 120 months and five years of supervised release. Pippenger appeals his conviction and sentence, arguing that the evidence was insufficient to support a conviction, that the district court abused its discretion by denying his motion for a mistrial, that the court erred

_____

[1] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

by denying him safety valve relief, and that the court erred by failing to grant a mistrial sua sponte based on alleged prosecutorial misconduct. We affirm.

Pippenger argues that insufficient evidence exists to support his conviction for conspiracy to distribute crack cocaine. We review challenges to the sufficiency of the evidence de novo, viewing the evidence "in the light most favorable to the verdict, resolving conflicts in the verdict's favor, and accepting all reasonable inferences that support the verdict." United States v. Williams, 534 F.3d 980, 985 (8th Cir. 2008). We will reverse only if "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id.

To convict Pippenger of conspiracy to distribute crack cocaine, the government had to prove that there was an agreement to distribute crack cocaine, that Pippenger knew of the conspiracy, and that he intentionally joined the conspiracy. United States v. Hernandez, 299 F.3d 984, 988 (8th Cir. 2002). Two of Pippenger's coconspirators, as well as multiple customers, testified at his trial. One of his coconspirators testified that Pippenger moved to South Dakota for the express purpose of joining an existing crack cocaine operation. The witnesses also testified that Pippenger regularly traveled with his coconspirators to purchase crack cocaine for resale, that they would at times conduct drug sales with each others' customers, that they "loaned" each other drugs for resale, and that Pippenger and his coconspirators frequently sold crack cocaine to many of the same customers and at many of the same places.

Pippenger argues that the above evidence was insufficient to prove that he intentionally joined a conspiracy to distribute crack cocaine. We disagree. See United States v. Delpit, 94 F.3d 1134, 1152 (8th Cir. 1996) (a "series of drug deals for resale can prove a conspiracy to distribute"); United States v. Donnell, 596 F.3d 913, 925 (8th Cir. 2010) ("[w]here the evidence shows multiple transactions involving large amounts of drugs . . . [it] is sufficient to support a conclusion that the drugs were

purchased for resale").  The evidence was sufficient for a reasonable jury to find Pippenger guilty of conspiring to distribute at least 50 grams of crack cocaine.

Pippenger also argues that the district court abused its discretion in denying his motion for a mistrial after a witness testified in violation of a pretrial order.  We review the denial of a motion for a mistrial for abuse of discretion.  United States v. Weaver, 554 F.3d 718, 723 (8th Cir. 2009).  The district court is afforded broad discretion in deciding motions for mistrial because "it is in a far better position to weigh the effect of any possible prejudice."  Id.

Prior to Pippenger's indictment on federal drug charges, he was arrested on state drug possession charges.  The charges were dropped after the federal indictment. On Pippenger's pretrial motion, the district court ruled that evidence of Pippenger's state arrest would be excluded.  While testifying about their activities on the night of Pippenger's arrest, one of the government's witnesses mentioned that, "[w]e all got thrown in jail that night." On Pippenger's motion for a mistrial, the court met with counsel, weighed the appropriate remedies, and ultimately decided that the best remedy was to instruct the jury to disregard the witness's statement. We conclude that the district court did not abuse its discretion by denying Pippenger's motion for a mistrial.  See United States v. Nelson, 585 F.3d 418, 429 (8th Cir. 2000); see also Weaver, 554 F.3d at 723.

Pippenger was also granted leave to file a pro se supplemental brief, in which he argues that the district court erred by failing to grant him safety valve relief and by failing to find sua sponte prosecutorial misconduct.  Pippenger concedes that he did not provide the government with any information, and it was Pippenger's burden to show affirmatively that he provided all the information and evidence he had concerning his offense. U.S.S.G. § 5C1.2(a)(5). We conclude that the district court did not clearly err in finding that Pippenger was not eligible for safety valve relief.  See United States v. Santana, 150 F.3d 860, 864 (8th Cir. 1998).  We also find no plain

error in the district court's failure to declare a mistrial sua sponte based on alleged prosecutorial misconduct. See United States v. Bentley, 561 F.3d 803, 810–12 (8th Cir. 2009).

Finally, we decline to review on direct appeal Pippenger's final claim of ineffective assistance of counsel. See United States v. McAdory, 501 F.3d 868, 872–73 (8th Cir. 2007) (appellate court ordinarily defers ineffective assistance claims to 28 U.S.C. § 2255 proceedings).

Accordingly, we affirm the judgment of the district court.

_____