**UNITED STATES of America,
Plaintiff,**

v.

**Damon O'NEIL, Defendant.**

No. 3:11–cr–17.

United States District Court,
S.D. Iowa,
Davenport Division.

Dec. 31, 2011.

Lisa C. Williams, United States Attorney's Office, Davenport, IA, for Plaintiff.

Donovan S. Robertson, Rock Island, IL, for Defendant.

## ORDER

ROBERT W. PRATT, District Judge.

Before the Court is a Motion in Limine filed by Damon O'Neil ("Defendant") on December 28, 2011. Clerk's No. 51. Defendant's Motion seeks to exclude: (1) evidence of Defendant's prior convictions during the Government's case-in-chief and for impeachment purposes; (2) evidence that Defendant was unemployed during the alleged conspiracy; (3) certain statements made by alleged co-conspirators; and (4) portions of a recorded conversation between a confidential informant and an alleged co-conspirator. On December 30, 2011, the Government filed a response arguing for the admission of this evidence. Clerk's No. 53. The matter is fully submitted.

## I. ANALYSIS

### A. *Evidence of Defendant's Prior Convictions*

Defendant moved to prohibit the Government from offering evidence of his 1997 conviction for conspiracy to distribute cocaine and his 2000 conviction for delivery of a controlled substance during its case-in-chief, as well as for impeachment. The Government argues that this evidence is admissible in its case-in-chief to show in-

tent or knowledge, and is also proper for impeachment. The Court will separately address whether Defendant's prior convictions are admissible during the Government's case-in-chief, or for impeachment.

### 1. *The Government's case-in-chief.*

 Federal Rule of Evidence 404(b) prohibits the admission of evidence of a defendant's crimes or other acts to "prove the person's character in order to show that on a particular occasion the person acted in accordance with the character," but permits such evidence for other purposes, such as to prove motive, intent, knowledge, or opportunity. In order to admit evidence of Defendant's prior convictions, the Court must first find that the prior conviction is "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Aldridge*, 664 F.3d 705, 713 (8th Cir.2011) (quoting *United States v. Williams*, 534 F.3d 980, 984 (8th Cir.2008)).

The Government asserts that Defendant's previous convictions are relevant to establish Defendant's intent and knowledge to conspire to distribute crack cocaine. To support this claim, the Government cites a number of cases in which such evidence has been admitted for this purpose. However, beyond these citations, and a recitation of permissible purposes listed in Federal Rule of Evidence 404(b), the Government does not offer any specific argument explaining how Defendant's individual convictions are relevant to establish his knowledge, intent, or any other permissible purpose as it relates to the current charge against him.

 The Court acknowledges that admission of prior drug distribution convictions to establish knowledge and intent in a drug distribution prosecution is routinely held to be a proper exercise of discretion. *See e.g., United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir.2008); *United States v. Williams*, 534 F.3d 980, 984 (8th Cir.2008). However, the Court is unaware of a blanket rule establishing that a defendant's previous drug distribution convictions are always relevant to that defendant's knowledge or intent in a subsequent drug distribution prosecution. To the contrary, "[g]eneral decisions as to relevance, prejudice and the admissibility of prior bad acts rest within the sound discretion of the trial court." *United States v. Brown*, 948 F.2d 1076, 1081 (8th Cir.1991) (citing *United States v. Barrett*, 937 F.2d 1346, 1348 (8th Cir.1991)). The exercise of this discretion "implies conscientious judgment, not arbitrary action.... It takes account of the law and the particular circumstances of the case and is directed by the reason and conscience of the judge to a just result." *Burns v. United States*, 287 U.S. 216, 223, 53 S.Ct. 154, 77 L.Ed. 266 (1932) (internal quotations omitted). Thus, the Court must evaluate the facts and circumstances of Defendant's prior convictions as they relate to this case in order to determine whether they are admissible under Federal Rule of Evidence 404(b).

 The Court's first task is to determine whether Defendant's previous drug distribution convictions, which occurred in the state of Illinois, are relevant—i.e., make any fact of consequence in this case more or less probable. *See* Fed.R.Evid. 401 (defining relevant evidence). Here, Defendant's intent and knowledge are both facts of consequence that the Government must establish. *See United States v. Jackson*, 278 F.3d 769, 771 (8th Cir.2002) (finding that a general denial places state of mind at issue). As for intent, the Court is unaware of any facts which somehow connect these previous convictions to the current conspiracy in a manner that might

impact on Defendant's intent in this case. *See United States v. Brown,* 956 F.2d 782, 786–87 (8th Cir.1992) (finding admission of the defendant's prior purchase of marijuana from a distributor not involved in the charged conspiracy relevant because brokering a drug deal between the supplier and an individual involved in the conspiracy showed his intent to conspire). Instead, it appears that the Government's argument is that because Defendant previously intended to sell crack, it is more likely that in this case he intended to sell crack. "[T]his is simply an observation about a person's character, and, as such, is precisely the kind of evidence that Rule 404(b) is designed to exclude. We do not convict people of crimes simply because of their propensities; we do so because of what they have actually done." *United States v. Mothershed,* 859 F.2d 585, 590 (8th Cir. 1988) (finding that prior conviction for possession of money stolen from a bank was not relevant to show intent in a bank robbery prosecution, "unless we take the conviction as evidence of a propensity to rob banks"). Accordingly, the Court does not find that Defendant's previous convictions are relevant to his intent in this case.

■ Conversely, Defendant's prior convictions are relevant, to a limited extent, to establish knowledge. The fact that Defendant has previously been convicted of participating in the drug trade makes it more likely that he understood the nature and purpose of the conspiracy that he is alleged to have joined. Stated differently, Defendant's previous convictions show that he has knowledge of the drug trade. This makes it less likely that he unwittingly or mistakenly joined the current alleged conspiracy without understanding its full purpose.

■ Nevertheless, the Court finds that Defendant's prior convictions are not admissible because their probative value is substantially outweighed by the danger of unfair prejudice.[1] *See United States v. Cook,* 454 F.3d 938, 941 (8th Cir.2006) (noting that the rule 404(b) requirement to balance probative value and prejudice is found in Rule 403). While Defendant's prior convictions are relevant to his knowledge of the conspiracy, the probative value of this evidence will be minimal in light of the expected testimony from Defendant's alleged co-conspirators, which will be more directly related to Defendant's knowledge. *See Old Chief v. United States,* 519 U.S. 172, 184, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ("what counts as the Rule 403 'probative value' of an item of evidence, as distinct from its Rule 401 'relevance,' may be calculated by comparing evidentiary alternatives"). On the other hand, the Court finds this evidence has a very high potential for unfair prejudice. *See United States v. Muhlenbruch,* 634 F.3d 987, 1001 (8th Cir.2011) ("Evidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning.") (quoting *United States v. Farrington,* 499 F.3d 854, 859 (8th Cir.2007)). Specifically, the Court finds that if this evidence were admitted, there would be a significant danger that the jury would use it not for the limited purpose of determining Defendant's knowledge of the alleged conspiracy, but instead to infer that because he previously engaged in drug dealing it is more likely that he did so again. *See United States v. Johnson,* 27 F.3d 1186, 1193 (6th Cir.1994) ("When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for

---

1. Given the Court's decision that the probative value of these convictions is substantially outweighed by the danger they create for unfair prejudice, the Court has no occasion to consider whether these convictions are sufficiently similar in kind and not overly remote in time.

which he is on trial, the information unquestionably has a powerful and prejudicial impact. That, of course, is why the prosecution uses such evidence whenever it can. When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, a convicted criminal, and that if he 'did it before he probably did it again.' "). Thus, the Government will not be permitted to enter evidence of Defendant's prior convictions during its case-in-chief.

2. *Defendant's prior convictions as impeachment.*

Defendant also requests that the Court prohibit the Government from impeaching Defendant with evidence of his prior convictions. Specifically, Defendant claims that, because these convictions are more than ten years old, their use would be improper under Federal Rule of Evidence 609(b). The Government argues that, for separate reasons, each conviction may properly be used to impeach Defendant should he testify. Regarding Defendant's 2000 conviction, the Government argues it is proper impeachment because ten years has not passed since Defendant was released from prison on this charge. Regarding his 1997 conviction, the Government argues that it is admissible for impeachment because its probative value substantially outweighs its prejudicial effect.

■ Federal Rule of Evidence 609 states, for the purpose of attacking a witness's character for truthfulness, evidence that an accused has been convicted of a crime punishable by imprisonment in excess of one year shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect. However, "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later ... [the conviction] is admissible only if ... its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Accordingly, "[c]onvictions more than ten years old should be admitted rarely and only when exceptional circumstances exist." *United States v. Kieffer,* No. 1:08–cr–54, 2009 WL 973350, at *2 (D.N.D., Apr. 10, 2009) (slip copy) (quoting *United States v. Felix,* 867 F.2d 1068, 1074 (8th Cir.1989)).

Regarding Defendant's 2000 conviction, because ten years have not passed since Defendant's release from confinement for this offense, the limitation contained in Federal Rule of Evidence 609(b) does not apply. *See* Gov't Response at 3 (stating that Defendant was released from custody for this conviction in 2008). Thus, the Court must admit this conviction for impeachment if its probative value outweigh its prejudicial effect. *See* Fed.R.Evid. 609(a)(1)(B). In determining the probative value of this conviction for impeachment, the Court recognizes that "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." *See United States v. Estrada,* 430 F.3d 606, 617 (2d Cir.2005). However, beyond the mere fact that Defendant was convicted of a felony, the Court does not consider this conviction particularly probative to Defendant's credibility because, to the Court's knowledge, this crime did not contain any element of dishonesty. Furthermore, as previously discussed, given the similarity between this Defendant's prior conviction and the current charge against him, the Court is concerned about the potential prejudice that could result from admission of this crime.

■ Having weighed these somewhat competing considerations, the Court concludes that the probative impeachment value of evidence that Defendant has a prior felony conviction, and the date of that conviction, outweighs the prejudicial effect. However, additional evidence related to the nature and details of this conviction would have no additional probative value regarding Defendant's honesty or credibility, and would only risk causing him additional prejudice. Thus, should Defendant testify, the Government can offer for impeachment purposes, evidence that Defendant was convicted of a felony on May 3, 2000. But, absent testimony from the Defendant which directly places at issue the facts of this underlying conviction, the Government will not be permitted to present evidence as to the nature or circumstances of his 2000 conviction.

■ Regarding Defendant's 1997 conviction, because ten years have passed since Defendant's release from confinement for this conviction, this evidence is only admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed.R.Evid. 609(b)(1). The Government argues that Defendant's 1997 conviction is admissible under this standard because it expects Defendant to testify "that he was not involved in a drug conspiracy and that he has never been involved in any type of conspiracy to distribute drugs." Gov't Response at 3. The Court agrees that, in the event Defendant testifies about a specific fact that is contradicted by the underlying circumstances of his 1997 conviction, evidence of that conviction would then become highly probative of Defendant's character for truthfulness. However, absent such testimony, the probative value of this fifteen year old conviction does not substantially outweigh the prejudicial effect that it would have. Thus, the Court will not, as a general matter, permit the Government to use this conviction for impeachment. But, should the underlying facts or circumstances of this conviction become relevant for impeachment based on Defendant's testimony, the Government may, at that time, seek leave of Court to use the conviction for impeachment.

### B. *Evidence of Unemployment*

■ Defendant also seeks to exclude evidence of his unemployment history, pursuant to Federal Rules of Evidence 403 and 404. The Government argues that "[u]nexplained evidence of wealth subsequent to the commission of a crime is relevant and generally admissible in the district court's discretion, even in the absence of direct proof of a defendant's prior impecuniousness." Gov't Response at 4 (citing *United States v. Rodriguez*, 484 F.3d 1006, 1012 (8th Cir.2007)). As an initial matter, the Court does not believe evidence that Defendant was unemployed implicates Federal Rule of Evidence 404. It is neither character evidence offered to prove Defendant conformity therewith, nor is it an "other act" as contemplated by Rule 404(b). Instead, the Court finds this evidence is simply relevant to show motive for Defendant's alleged activities. Finally, although evidence of Defendant's unemployment may be prejudicial, the Court does not believe it is unfairly prejudicial. Accordingly, the Court will not prevent the Government from offering evidence regarding Defendant's history of unemployment.

### C. *Statements by Alleged Co–Conspirators*

■ Defendant requests that the Court prevent the Government from offering hearsay statements from alleged co-conspirators. The Government objects, arguing that such evidence is admissible provided that the statements were made

during and in furtherance of the conspiracy to which the declarant and Defendant were parties. Gov't Response at 4 (citing *United States v. Fuller,* 557 F.3d 859, 865 (8th Cir.2009)). A statement is not hearsay if it is offered against an opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E). However, the statement alone does not establish the existence of the conspiracy or the participation therein. *See id.* The following procedure should be used when determining the admissibility of out-of-court statements made by an alleged coconspirator:

> (1) If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice. *See United States v. Stanchich,* 550 F.2d 1294, 1298 (2d Cir.1977). The foregoing procedural steps should transpire out of the hearing of the jury. *See* Fed.R.Evid. 104(c).

*United States v. Bell,* 573 F.2d 1040, 1044 (8th Cir.1978). Thus, in the event that Government offers out-of-court statements by Defendant's alleged co-conspirators, the Court will proceed in accordance with the procedures established in *Bell.*

### D. *Recorded Statements Made During a Controlled Purchase*

On January 15, 2011, a confidential informant, working with the Davenport Police Department, made a controlled purchase of crack cocaine from an individual alleged to have been conspiring with Defendant. The confidential informant was wearing a device during the purchase that recorded the conversation between the informant and Defendant's alleged coconspirator. Defendant seeks to exclude the admission of this recording arguing that, if the confidential informant is not called as a witness, admission of the confidential informant's statements would violate Defendant's Sixth Amendment right to confrontation. The Government argues that, because the audio recording will be supported by sufficient foundation, it is admissible.

 "The Confrontation Clause bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *United States v. Spencer,* 592 F.3d 866, 878 (8th Cir.2010) (quoting *Crawford v. Washington,* 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)). However, "[s]tatements providing context for other admissible statements are not hearsay because they are not offered for their truth. As a result, the admission of such context evidence does not offend the Confrontation Clause because the declarant is not a witness against the accused." *Id.* (quoting *United*

*States v. Tolliver*, 454 F.3d 660, 666 (7th Cir.2006)).

 Here, the Court has no information regarding what statements were made by the confidential informant on the audiotape, for what purposes these statements might be offered, and whether or not the Government intends on calling the confidential informant as a witness. Thus, at this time, the Court cannot rule on whether these are testimonial statements that implicate Defendant's Sixth Amendment confrontation rights. The parties should be prepared to address the issue in more detail during the pretrial meeting on the morning of trial, and the Court will provide further guidance at that time.

## II. CONCLUSION

For the forgoing reasons, Defendant's Motion in Limine (Clerks' No. 51) is GRANTED IN PART and DENIED IN PART, consistent with the terms of this order.

IT IS SO ORDERED.