# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2354

_____

United States of America

*Plaintiff - Appellee*

v.

Rasheen Murdock

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: March 11, 2020
Filed: March 16, 2020
[Unpublished]

_____

Before ERICKSON, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Rasheen Murdock appeals after a jury found him guilty of conspiring to distribute a mixture or substance containing methamphetamine, aiding and abetting

the distribution of methamphetamine, and witness tampering; and the district court[1] sentenced him to a prison term within the advisory range under the United States Sentencing Guidelines Manual ("Guidelines"). His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing Murdock's sentence is substantively unreasonable. In a pro se brief, Murdock raises several issues related to the pre-trial proceedings, the trial, and sentencing.

As to Murdock's challenges to pre-trial proceedings, even if we were to accept his unsupported assertions that the government presented false evidence to the grand jury, any errors were rendered harmless by the jury's guilty verdict. *See United States v. Wilson*, 565 F.3d 1059, 1069-70 (8th Cir. 2009) (explaining grand jury proceedings are afforded strong presumption of regularity; even assuming there were errors in charging decision resulting from conduct of the prosecution, guilty verdict rendered those errors harmless). In addition, any issues related to bond are moot in light of Murdock's conviction. *Cf. United States v. Askia*, 893 F.3d 1110, 1122 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 2705 (2019). To the extent he raises speedy-trial claims, he waived any argument that his rights under the Speedy Trial Act were violated by failing to assert those rights prior to trial, *see United States v. Jones*, 795 F.3d 791, 798 (8th Cir. 2015); and, on plain-error review, we conclude there was no violation of his Sixth Amendment rights, *cf. United States v. Thornberg*, 676 F.3d 703, 706 (8th Cir. 2012) (standard of review); *United States v. Summage*, 575 F.3d 864, 875-76 (8th Cir. 2009) (concluding right to speedy trial under Sixth Amendment was not violated where government was not primary cause of delay, defendant did not promptly assert right to speedy trial, and he failed to establish prejudice).

As to Murdock's challenges to the trial, we discern no Confrontation Clause violation, and we conclude the evidence at trial was sufficient to support his

---

[1] The Honorable Susan O. Hickey, Chief Judge, United States District Court for the Western District of Arkansas.

convictions. *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008) (standard of review). As to the drug offenses, the evidence showed Murdock supplied methamphetamine for distribution to others, and he paid two co-conspirators to deliver methamphetamine for him. *See United States v. Williams*, 534 F.3d 980, 985 (8th Cir. 2008) (elements of drug conspiracy); *see also United States v. Miller*, 698 F.3d 699, 703 (8th Cir. 2012) (elements of aiding and abetting distribution of controlled substance). As to the witness-tampering offense, the evidence showed that while Murdock was detained on the instant charges, he persuaded a co-conspirator to write a letter to the government stating Murdock was innocent. *See* 18 U.S.C. § 1512(b)(1) (elements of witness tampering).

As to the sentencing challenges, Murdock's assertion he was unable to review the presentence report is belied by his statements at sentencing. Furthermore, we discern no error in the district court's Guidelines calculations, *see United States v. Outlaw*, 946 F.3d 1015, 1019 (8th Cir. 2020) (standard of review); and we conclude Murdock's sentence is not substantively unreasonable, *see United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness).

To the extent Murdock intended to raise ineffective assistance of counsel claims on direct appeal, we decline to consider them. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in 28 U.S.C. § 2255 proceedings).

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm, and grant counsel leave to withdraw.

_____