# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2125
_____

United States of America

*Plaintiff - Appellee*

v.

Waylon Young Bird

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: April 13, 2020
Filed: April 16, 2020
[Unpublished]
_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Waylon Young Bird appeals after a jury found him guilty of two drug offenses, and the district court[1] sentenced him to a prison term within the advisory range under

[1]The Honorable Roberto A. Lange, then District Judge for United States District Court for the District of South Dakota, now Chief Judge.

the United States Sentencing Guidelines Manual ("Guidelines").  His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the sufficiency of the evidence to support Young Bird's convictions and his sentence.

We conclude the evidence at trial was sufficient to support Young Bird's convictions.  *See United States v. Birdine*, 515 F.3d 842, 844 (8th Cir. 2008) (standard of review).  As to the drug conspiracy offense, the evidence showed others conducted methamphetamine transactions for Young Bird, drove him to obtain or sell methamphetamine, and saw him in possession of large amounts of methamphetamine. *See United States v. Williams*, 534 F.3d 980, 985 (8th Cir. 2008) (elements of drug conspiracy).  As to the possession-with-intent-to-distribute offense, the evidence showed Young Bird was found with methamphetamine packaged for resale, cash, and items indicative of drug distribution. *See United States v. Fetters*, 698 F.3d 653, 657 (8th Cir. 2012) (elements of possession with intent to distribute).

As to Young Bird's sentence, we discern no error in the district court's determination of the drug quantity, *see United States v. Titlbach*, 300 F.3d 919, 923 (8th Cir. 2002) (disturbing drug-quantity calculation only if entire record definitely and firmly convinces court a mistake has been made); *see also* U.S.S.G. § 2D1.1(c)(5); or application of a 2-level role enhancement, *see United States v. Turner*, 781 F.3d 374, 393 (8th Cir. 2015) (reviewing application of Guidelines de novo and findings of fact for clear error); *see also* U.S.S.G. § 3B1.1 cmt. n.2 (noting to qualify for role enhancement, a defendant must have been organizer, leader, manager, or supervisor of one or more other participants).  In addition, we conclude Young Bird's sentence is not substantively unreasonable.  *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing sentence under deferential abuse-of-discretion standard and discussing substantive reasonableness).

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues.  Accordingly, we affirm, and we grant counsel leave to withdraw.

_____