# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1341
_____

United States of America

*Plaintiff - Appellee*

v.

Sarah Chezahrae Goforth, also known as Sarah Hedrick, also known as Darah Bachelor

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: September 18, 2023
Filed: October 6, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, ARNOLD and ERICKSON, Circuit Judges.
_____

PER CURIAM.

A jury found Sarah Chezahrae Goforth guilty of conspiring to possess with intent to distribute and to distribute Schedule III controlled substances, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(E), 846, namely, anabolic steroids. She maintains that the district

court[1] should have sua sponte entered a judgment of acquittal because the evidence was insufficient for conviction. We affirm.

We ordinarily review challenges to the sufficiency of the evidence de novo, viewing the evidence in a light most favorable to the verdict and granting all reasonable inferences that the evidence supports. *See United States v. Garbacz*, 33 F.4th 459, 466 (8th Cir. 2022). And we will reverse only if no reasonable jury could find guilt beyond a reasonable doubt. *See id.* But here, Goforth forfeited her sufficiency argument by not bringing it to the attention of the district court, and so we review merely for plain error. *See id.* "To establish a conspiracy, the government must prove: (1) the existence of an agreement among two or more people to achieve an illegal purpose, (2) the defendant's knowledge of the agreement, and (3) that the defendant knowingly joined and participated in the agreement." *See United States v. Hamilton*, 929 F.3d 943, 946 (8th Cir. 2019).

Goforth maintains that the evidence was insufficient "because there is no evidence linking Goforth to the possession or distribution of a substance shown by forensic testing to be a schedule III controlled substance during the course of the conspiracy." But by charging a conspiracy, the government did not need to prove that Goforth committed the substantive offenses underlying the conspiracy. *See Ocasio v. United States*, 578 U.S. 282, 288 (2016). Besides, the evidence was sufficient to show that Goforth was actually possessing and distributing steroids. Three co-conspirators testified that Goforth stored them and shipped them to customers. "[W]e have repeatedly upheld jury verdicts based solely on the testimony of conspirators and cooperating witnesses, noting it is within the province of the jury to make credibility assessments." *See United States v. Hamilton*, 929 F.3d 943, 946 (8th Cir. 2019). Further, "[i]t is well established in this circuit that the identity of a controlled

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

substance can be proven beyond a reasonable doubt by circumstantial evidence and opinion testimony." *See United States v. Cole*, 537 F.3d 923, 927 (8th Cir. 2008). A postal inspector testified that she seized packages mailed to and from the leader of the conspiracy, and their contents were tested and confirmed to be anabolic steroids.

Goforth concedes that at least one intercepted package connected to her contained anabolic steroids, but she says this is insufficient to support her conviction because she did not mail it until the ringleader of the conspiracy began cooperating with the government. She cites *United States v. Nelson*, 165 F.3d 1180, 1184 (8th Cir. 1999) in support of her contention. We explained in *Nelson* that "[i]t is well settled that there can be no indictable conspiracy involving only the defendant and government agents and informers." *Nelson* is inapposite. Four witnesses testified to being participants in this conspiracy, and their testimonies implicated others who joined and left the conspiracy at varying times. In addition, the ringleader himself testified that Goforth had begun participating "[l]ong before" he began cooperating with the government, and the jury was entitled to accept that testimony as true.

Affirmed.

_____