# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4196

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Dean Wade Guenther, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: November 15, 2006
Filed: December 7, 2006

_____

Before LOKEN, Chief Judge, LAY and MELLOY, Circuit Judges.

_____

LAY, Circuit Judge.

Dean Wade Guenther appeals his conviction following a jury trial in district court[1] on one count of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Guenther contends that the evidence was insufficient to support the jury's finding that he actually or constructively possessed firearms stolen from a home. We affirm.

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

# BACKGROUND

In June 2003 Karen Prescher discovered that her home had been burglarized while she was out of town. Several guns, rings, blank checks, and a safe containing documents were taken. The gun cabinet from which the guns were taken had on it a latent fingerprint that matched Guenther's print.

Shortly after the burglary, Guenther visited the home of a friend, Sheryl Hill Desjarlait. He brought with him Prescher's checkbook, ring, and documents apparently taken from her home. He told Desjarlait and Cassandra Kingbird, who lived with Desjarlait, that he had stolen the checks and gave them some of Prescher's blank checks for their use. Kingbird testified that Guenther told her that a car parked in Desjarlait's yard contained guns in its trunk, and that he planned to sell them.

Other items taken in the burglary were recovered in circumstances linking them to Guenther. For example, the stolen safe was found in a storage area next to a car containing documents bearing Guenther's name, including court documents and checks made out to him. A key ring holding Prescher's safe key was recovered from Desjarlait's home. The key ring also held the key to the trunk of the car parked in Desjarlait's yard.

On December 14, 2004, Guenther was charged by indictment with one count of being a felon in possession of a firearm. The government alleged that Guenther burglarized[2] Prescher's residence, taking her guns and therefore possessing them. Guenther proceeded to trial on May 23, 2005, was found guilty by the jury, and sentenced to 327 months of imprisonment based on his extensive criminal history. This appeal followed.

---

[2]As the government lacked jurisdiction over the burglary, it did not charge Guenther with that crime.

# ANALYSIS

Guenther challenges the sufficiency of the evidence to convict him of possessing the stolen firearms. "We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003). This is a strict standard of review. "We may reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id.

Convicting Guenther of being a felon in possession of a firearm requires proof that (1) he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) he knowingly possessed a firearm; and (3) the firearm had been in or had affected interstate commerce. United States v. Brown, 422 F.3d 689, 691-92 (8th Cir. 2005). A firearm may be possessed actually or constructively and such possession may be sole or joint. United States v. Walker, 393 F.3d 842, 846-47 (8th Cir. 2005). Constructive possession of a firearm is established if Guenther had control over the place where the firearm was located, or control, ownership, or dominion over the firearm itself. Id. at 847.

Guenther concedes that he is a felon and that the stolen firearms moved in interstate commerce. He challenges only the government's evidence that he possessed the firearms. The jury received evidence in many forms—forensic, physical, and testimonial—that supports its finding. Guenther's actions and statements following the burglary support a conclusion that he took property from the Prescher residence. He brought items taken from Prescher's home to Desjarlait's residence and gave her stolen checks to use. The recovery of the stolen safe near a car connected with Guenther further links him to the burglary.

Most importantly, the jury heard evidence connecting Guenther to the guns taken from Prescher's home. Guenther's fingerprint on the cabinet from which the guns were stolen is highly persuasive evidence that he stole, and thus possessed, the firearms. Guenther's statement to Desjarlait that the car parked in her yard contained guns that he planned to sell bolsters this conclusion. Although the car did not belong to Guenther, the recovery of the key to its trunk on the same key ring as Prescher's safe key permits a conclusion that Guenther exercised control over the contents of the trunk.

We conclude that this record contains sufficient evidence to support the jury's conclusion that Guenther possessed the firearms. See United States v. Howard, 413 F.3d 861, 864-65 (8th Cir. 2005) (substantial evidence supported verdict where defendant made inculpatory statements, defendant's vehicle was seen in vicinity of burglary, and stolen guns were recovered from the vehicle). The evidence does not permit only the conclusion, as Guenther argues, that he was merely physically proximate to the firearms. It reasonably permits the conclusion that Guenther deliberately stole, possessed, and subsequently disposed of the firearms.

## CONCLUSION

For the reasons stated herein, we affirm Guenther's conviction.

_____

-4-