# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 06-3396

————————

United States of America,  *

        Plaintiff–Appellee,  *

v.

Walter Piwowar, also known as
Walter Piwowar, Jr.,

        Defendant–Appellant.  *

\* Appeal from the United States
\* District Court for the District of
\* Minnesota.

————————

Submitted: May 15, 2007
Filed: July 5, 2007

————————

Before BYE and SMITH, Circuit Judges, and NANGLE,[1] District Judge.

————————

BYE, Circuit Judge.

A jury convicted Walter Piwowar of three counts of being a felon in possession of firearms and ammunition under 18 U.S.C. § 922(g)(1), after law enforcement officers seized fifteen firearms and a large amount of ammunition from his home and business properties. The district court[2] sentenced him to 37 months imprisonment.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2] The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

He appeals only his conviction for the firearms and ammunition seized from his business property, arguing he was no longer in possession of them when they were seized, and thus the evidence was insufficient to sustain his convictions. We affirm.

I

On November 17, 2004, law enforcement officers executed a search warrant at a business property owned by Piwowar, resulting in the seizure of fourteen firearms and several containers of ammunition from a building located there. The first floor of the building, at one time a truck stop and garage, is divided into two discrete areas. The firearms and ammunition were located in one area, on the north side of the building, which he leased to Christina Lenczuk, a childhood friend and sometime girlfriend. Lenczuk leased the area for storage, with the goal of eventually opening an antique shop on the property. The second half of the floor was used exclusively by Piwowar for storage and vehicle repairs.

The firearms and ammunition were seized from a padlocked walk-in refrigerator located in the portion of the building leased by Lenczuk. While Piwowar claimed not to have a key to Lenczuk's area, he did have a key to the walk-in refrigerator and Lenczuk did not. In addition, officers testified they were able to enter Lenczuk's area without a key via access from the rear during the course of their search. They were also able to access the walk-in refrigerator without utilizing a key by taking the door off its hinges. A key to the refrigerator was later found on a key ring in Piwowar's briefcase, located in his van.

When police called Lenczuk the day of the search, she denied any knowledge of the firearms, but later said she did so because she was frightened. At trial, she testified she had written Piwowar a check for $4,000 in exchange for the firearms located in the walk-in refrigerator and stated she never moved the firearms after taking possession of them, instead leaving them in the walk-in refrigerator. She also testified

-2-

as to a plan to sell them at an auction with Piwowar's guidance. In addition, she testified about a key she possessed to the leased area of the property and acknowledged not having a key to the walk-in refrigerator.

On December 2, 2005, the jury found Piwowar guilty of possessing the firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). He appeals, contending the evidence was insufficient to support the conviction, as he had sold the firearms and ammunition previously and thus was no longer in possession of them on the date of the seizure by law enforcement officers.

II

"We review the sufficiency of the evidence de novo, viewing evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." United States v. Guenther, 470 F.3d 745, 747 (8th Cir. 2006) (quoting United States v. Washington, 318 F.3d 845, 852 (8th Cir. 2003)). This is a strict standard of review, as "[w]e may reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id.

To convict Piwowar of being a felon in possession of firearms and ammunition, the government was required to prove beyond a reasonable doubt the following: (1) He previously had been convicted of a crime punishable by a term of imprisonment exceeding one year, (2) had knowingly possessed a firearm and ammunition, and (3) the firearm and ammunition had been in or had affected interstate commerce. United States v. Johnson, 474 F.3d 1044, 1048 (8th Cir. 2007). Knowing possession can be actual or constructive, as well as sole or joint. Guenther, 470 F.3d at 747. Constructive possession of a firearm is established if the possessor had control over the place where the firearm was located, or control, ownership, or dominion over the firearm itself. Id. Constructive possession "requires knowledge of an object, the

ability to control it, and the intent to do so." United States v. Cuevas-Arrendondo, 469 F.3d 712, 715 (8th Cir. 2006).

It is Piwowar's contention the evidence was insufficient to prove his intent to control the firearms and ammunition found in the refrigerator. We disagree. While he contends the evidence shows his having sold these items to Lenczuk and there is no evidence he touched or even looked at them after becoming a felon, he overlooks the evidence he owned the building where the refrigerator was located and possessed the sole key to the refrigerator. Lenczuk, whom he contends owned the firearms and ammunition, did not possess such a key. Such evidence supports the jury's finding that he intended to control the firearms and ammunition at issue. See Guenther, 470 F.3d at 747 (finding possession of a key to a vehicle's trunk supported a finding the defendant exercised control over the contents of the trunk); United States v. Brett, 872 F.2d 1365, 1369 n.3 (8th Cir. 1989) (finding, in a drug possession case, sufficient evidence of constructive possession as "every other circuit to address this issue agrees that the holder of the key, be it to the dwelling, vehicle or motel room in question, has constructive possession of the contents therein").

It is true Lenczuk testified, contrary to her initial statement to police, that Piwowar sold her the firearms and ammunition and that she took sole ownership and control of them. A jury might have accepted this testimony and concluded he no longer possessed the firearms and ammunition. We have held, however, "the presence of one possible 'innocent' explanation for the government's evidence does not preclude a reasonable jury from rejecting the exculpatory hypothesis in favor of guilt beyond a reasonable doubt." United States v. Maloney, 466 F.3d 663, 667 (8th Cir. 2006). In addition, because the record contains inconsistent statements from Lenczuk as well as her curious admission she did not possess a key for the refrigerator, which contained the firearms and ammunition she supposedly purchased, the jury could have easily rejected her story. We have often held "[w]e enjoy no greater vantage point on appeal than did the jury at trial, and we have no right to usurp the jury's role to judge

-4-

the facts and make credibility findings." United States v. Porter, 409 F.3d 910, 915 (8th Cir. 2005).

Piwowar further argues the government did not meet its burden of constructive possession based on the key because he was a "packrat" and there was no evidence on the record he was aware he still possessed the key. He cites no case law, however, and we have found none, suggesting the government was required to show he knew he possessed the key. In Brett, we concluded mere "proof of possession of the key to the front door of the house" is sufficient to prove the "knowing possession" of the house's contents. Brett, 872 F.2d at 1369. So too here, we find his possession of the sole key to the refrigerator as being sufficient to prove knowing possession of the firearms and ammunition inside.

In sum, we hold a reasonable jury could find Piwowar constructively possessed the firearms and ammunition seized from his business property.

III

For the foregoing reasons, we affirm.

_____