# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3956

_____

United States of America,       *
                                  *

    Plaintiff - Appellee,   *
                                  *   Appeal from the United States

v.                          *   District Court for the
                                  *   Eastern District of Arkansas.

Michael Deshun Cox,     *
                                  *

    Defendant - Appellant.  *

_____

Submitted: September 23, 2010
Filed: December 27, 2010

_____

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Following a two-day trial, a jury convicted Michael Deshun Cox of knowingly possessing a firearm after three prior violent felony convictions. See 18 U.S.C. §§ 922(g), 924(a)(2) & (e)(1). The district court[1] sentenced Cox to 262 months in prison. He appeals, arguing that the evidence was insufficient to prove he knowingly possessed the firearm, and that the district court abused its discretion in responding to a question from the jury during its deliberations. We affirm.

_____

[1] The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

# I. Sufficiency of the Evidence

Cox argues the government introduced insufficient evidence to prove that he knowingly possessed the firearm in question. See 18 U.S.C. § 924(a)(2). We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the jury's verdict, accepting all reasonable inferences that support the verdict, and reversing only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Van, 543 F.3d 963, 964 (8th Cir. 2008). Knowing possession may be actual or constructive. Constructive possession is established by proof that the defendant had control over the place where the firearm was located, or control, ownership, or dominion over the firearm itself. United States v. Guenther, 470 F.3d 745, 747 (8th Cir. 2006).

Officer Mark Wright of the North Little Rock Police Department testified that he saw a person he recognized as Derrick Allen get in the passenger side of a car matching the description of a reported stolen vehicle. The car pulled away, and Wright followed. He ran a check of the license plate, confirmed the car was stolen, and attempted to pull it over. The car, driven by Cox, fled, leading police on a high-speed chase that ended in a multi-car collision in downtown Little Rock. Officer Wright approached the car and secured the driver. The second officer to arrive, Charles Barnes, secured passenger Allen. Officer Elza Kirkwood arrived one minute later, looked in the car, and saw a leather gun case on the floorboard. Officer Kirkwood secured the case in the trunk of his patrol car and later turned it over to Officer Barnes, who served as evidence custodian for this incident. The case contained a loaded .380 Llama-model pistol.

Anna Barron, the owner of the stolen car, testified that it was stolen the previous day by a man she identified as Paul Thomason, who told Barron at the time of the theft that he was carrying a nine millimeter pistol. Derrick Allen testified for the government that, when he entered the stolen car immediately prior to the high-

speed chase, Cox was holding the gun case in his lap with a loaded pistol partially exposed. Cox then closed the case and put it under his seat. Allen further testified that, while incarcerated with Cox on an unrelated charge, Cox warned him not to testify for the government in this case, threatened him with bodily injury, and stabbed him with a makeshift weapon. Stephen Briscoe, a cellmate of Cox after his arrest, testified that Cox described the arrest, admitted the pistol belonged to him, and tried to think of a lie to "beat" the charges against him.

This testimony provided strong evidence that Cox was in actual as well as constructive possession of the loaded firearm recovered by Officer Kirkwood after Cox's arrest. Cox nonetheless argues that no reasonable jury could find beyond a reasonable doubt that he knowingly possessed the firearm because Thomason could have hidden the gun in the car after the theft, and the police failed to test the gun and gun case for fingerprints. Barron's testimony made this a plausible hypothesis which was strenuously argued to the jury. However, the jury could readily infer that Cox, a convicted felon, knowingly possessed the loaded firearm found under his seat from evidence that he fled at high speed from a routine traffic stop in a stolen car. "[T]he presence of one possible innocent explanation for the government's evidence does not preclude a reasonable jury from rejecting the exculpatory hypothesis in favor of guilt beyond a reasonable doubt." United States v. Maloney, 466 F.3d 663, 667 (8th Cir. 2006) (quotation omitted) (rejecting a similar argument and upholding a felon-in-possession conviction). Moreover, the government's incriminating circumstantial evidence was supported by the testimony of Allen and Briscoe.

Cox argues that we should ignore the incriminating testimony by convicted felon Allen and cellmate Briscoe because it was "incredible on its face." But we may not do so. "The test for rejecting evidence as incredible is extraordinarily stringent and is often said to bar reliance only on testimony asserting facts that are physically impossible." United States v. Crenshaw, 359 F.3d 977, 988 (8th Cir. 2004). Effective cross-examination cast doubt on portions of Allen's testimony and established that

Briscoe had an incentive to cooperate with the government. But their testimony was not incredible on its face. Therefore, their credibility was for the jury to determine. The government presented sufficient evidence for a reasonable jury to find knowing possession beyond a reasonable doubt.

## II. The Supplemental Instruction

During cross-examination of the police officers, and again during closing argument, defense counsel brought out the fact that neither the gun nor the gun case was tested for fingerprints after being recovered from the stolen car. During deliberations, the jury submitted the following written question:

> Is error on the part of officers in preserving the integrity of the crime scene by not handling the firearm and case in a manner in which definitive proof through fingerprinting could be obtained, grounds that the jury can use to rule not guilty?

Over Cox's objection, the district court gave the following response:

> Definitive proof is not a phrase that is used. Please see Instruction No. 7, the reasonable doubt instruction. Not taking fingerprints is one of the items of evidence you can consider along with all of the other evidence in the case. There is no legal requirement that fingerprints be taken, but, again, you can consider this fact along with all the other evidence in the case in determining whether the prosecution has proved its case beyond a reasonable doubt.

Cox objected that this response provided the jury with information not introduced at trial and included an improper comment on the evidence.

On appeal, Cox argues that the district court abused its discretion in giving this supplemental instruction. See United States v. Abdul-Aziz, 486 F.3d 471, 476 (8th

Cir. 2007) (standard of review). We disagree. The jury asked a question of law -- may the failure of the police to "preserv[e] the integrity of the crime scene" so that "definitive proof" (fingerprints) could be obtained be the basis for finding Cox not guilty? The district court's response properly directed the jury away from this line of reasoning -- "There is no legal requirement that fingerprints be taken" -- back to the proper focus of whether the charged offense had been proved beyond a reasonable doubt. At the same time, the court explained that the jury could consider the absence of fingerprint evidence as relevant to the reasonable-doubt inquiry. The response was not factual in nature. Nor did it comment on the evidence, other than perhaps to provide indirect support for Officer Barnes's testimony during cross-examination that his failure to have the weapon tested for fingerprints was normal procedure and not a mistake. In these circumstances, the supplemental instruction was "accurate, clear, neutral, and non-prejudicial." United States v. Martin, 274 F.3d 1208, 1210 (8th Cir. 2001) (quotation omitted). There was no abuse of discretion.

The judgment of the district court is affirmed.

_____