# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2366
_____

United States of America

*Plaintiff - Appellee*

v.

Regina Lynn Leonard, also known as Gina

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: January 18, 2013
Filed: April 8, 2013
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Regina Leonard of conspiring to distribute 500 or more grams of methamphetamine between June 2005 and May 2010 in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced her to 151 months in prison, the

_____

[1]The Hon. Richard G. Kopf, United States District Judge for the District of Nebraska.

bottom of the advisory guidelines range of 151-188 months. Leonard appeals, arguing her conviction was not based on sufficient evidence and the sentence is substantively unreasonable. We affirm.

1. At trial, nine cooperating witnesses testified pursuant to plea agreements regarding Leonard's purchases and sales of methamphetamine. Most described purchasing small amounts of methamphetamine from Leonard on numerous occasions. Several described selling her larger quantities and testified that in their experience the only reason to purchase such quantities would be to resell all or a portion. One testified that he purchased up to a quarter-pound of methamphetamine from Leonard on several occasions. The witnesses consistently testified that their drug transactions took place in the back bedroom of Leonard's trailer home, where she kept a safe and a scale, and that her home was equipped with security cameras monitoring the front entry and other parts of the trailer.

In addition to these cooperating witnesses, the government introduced testimony by an undercover sheriff's deputy that he attempted to purchase drugs from Leonard in 2007 and was directed to another person who sold him methamphetamine; evidence that Leonard was arrested for possession of methamphetamine and possession of a pipe used to smoke methamphetamine in 2010, including a criminal lab report stating the seized powder contained methamphetamine and the videotape of interrogation in which Leonard admitted using methamphetamine and owning the drugs and pipe; and an audio recording of a phone call Leonard made from jail after the indictment in which Leonard and a friend discussed collecting drug debts, whether she could avoid prosecution by cooperating, and who might have prompted the law enforcement investigation.

We conclude this evidence was more than sufficient for a reasonable jury to find, beyond a reasonable doubt, (1) the existence of a conspiracy to distribute drugs, (2) Leonard's knowledge of the conspiracy, and (3) her intentional participation in the

conspiracy. See United States v. Shakur, 691 F.3d 979, 989 (8th Cir. 2012), cert. denied, -- U.S. --, No. 12-8516, 2013 WL 776543 (Mar. 4, 2013). We have frequently upheld conspiracy convictions based on the testimony of cooperating witnesses, whose credibility is for the jury to determine. See, e.g., United States v. Velazquez, 410 F.3d 1011, 1015-16 (8th Cir.), cert. denied, 546 U.S. 971 (2005). Here, there were no material discrepancies in the testimony of the many cooperating witnesses, and their accounts were corroborated by law enforcement officer testimony, physical evidence, and Leonard's admissions in recorded conversations. The evidence demonstrated far more than the "isolated buyer-seller transaction that may fall short of establishing a conspiracy to distribute." United States v. Coleman, 525 F.3d 665, 666 (8th Cir. 2008). Viewing the sufficiency of the evidence *de novo* in the light most favorable to the jury's verdict, as we must, see United States v. Cox, 627 F.3d 1083, 1084-85 (8th Cir. 2010), we conclude the government introduced sufficient evidence to convict Leonard of conspiring to distribute methamphetamine.

2. Leonard next argues that her 151-month sentence is substantively unreasonable. Consistent with the Probation Officer's sentencing recommendation, at sentencing Leonard requested a downward variance to the statutory minimum sentence, 120 months, based on her long history of mental illnesses, including major depressive disorder and borderline personality disorder, aggravated by more than thirty years of drug abuse. Counsel noted that Leonard had done well during six months of pretrial substance-abuse treatment, and that this was the first time she had ever been taught "life skills to deal with" her mental disorders. After hearing argument, the district court observed that, although Leonard's success during her post-arrest treatment was encouraging, it also demonstrated that "when she really wants to control her behavior[,] she can, [which indicates that] her mental issues are not so severe as perhaps she would like to portray them." Likewise, the district court noted, although major depressive disorder and bipolar disorder may mitigate the defendant's culpability, they also increase the likelihood of future offenses after her release. The

district court concluded that Leonard's history of mental illness "weighs both ways" and "a sentence at the low end of the applicable range is appropriate."

Leonard argues the district court abused its discretion because her sentence at the bottom of the advisory guidelines range is substantively unreasonable. Leonard's sentence within the guidelines range is presumptively reasonable on appeal. See United States v. Cromwell, 645 F.3d 1020, 1022 (8th Cir. 2011). As in United States v. Lee, 553 F.3d 598, 602 (8th Cir. 2009), "[w]e do not believe the reasons [defendant] advanced . . . to support a more lenient sentence are sufficient to overcome the district court's wide discretion to select a sentence." When the district court has expressly considered the weight to give circumstances such as a defendant's mental disorders and history of substance abuse in applying the 18 U.S.C. § 3553(a) sentencing factors, we do not reweigh those factors on appeal. See, e.g., United States v. Ford, 705 F.3d 387, 388-89 (8th Cir. 2013). Here, there was no abuse of the district court's substantial sentencing discretion.

The judgment of the district court is affirmed.

_____