# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1727

_____

United States of America

*Plaintiff - Appellee*

v.

Terrance Golden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: November 28, 2022
Filed: December 7, 2022
[Unpublished]

_____

Before BENTON, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Terrance Golden appeals after a jury found him guilty of drug and firearm offenses, and the district court[1] imposed a sentence of 262 months in prison. His

_____

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the sufficiency of the evidence and the reasonableness of the sentence.

We conclude that the evidence was sufficient to convict Golden of both counts. <u>See</u> <u>United States v. Birdine</u>, 515 F.3d 842, 844 (8th Cir. 2008) (sufficiency of evidence to support conviction is reviewed de novo, viewing evidence in light most favorable to jury verdict). As to the conviction for possessing a firearm as a felon, while counsel argues that no witness had observed Golden carrying a firearm, the evidence showed constructive possession. Specifically, the firearm was hidden in the bathroom ceiling of his hotel room, which he--unlike his roommate--was tall enough to reach; and the holster was found in a basket containing his clothing and a vehicle title with his alias. <u>See</u> <u>United States v. Piwowar</u>, 492 F.3d 953, 955 (8th Cir. 2007) (constructive possession of firearm is established if possessor had control over place where firearm was located, or control, ownership, or dominion over firearm itself).

As to the drug conviction, while counsel argues that the evidence did not show intent to distribute, we conclude that it was sufficient. Specifically, Golden possessed 4.94 grams of crack cocaine in 23 baggies, approximately $1,800 in cash, multiple baggies containing cocaine residue with the corners torn off, and a digital scale that tested positive for cocaine residue hidden next to the pistol; and his cell phone contained text messages that were consistent with distribution. <u>See</u> <u>United States v. Thompson</u>, 686 F.3d 575, 580, 585 (8th Cir. 2012) (intent to distribute may be inferred from such things as possession of large quantity of controlled substance, presence of paraphernalia used to aid in distribution of drugs, large sums of unexplained cash, presence of firearms, baggies with corners torn off in box where officers found cocaine).

We conclude that Golden waived any challenge to the reasonableness of the sentence, as he received the sentence his counsel specifically requested. <u>See</u> <u>United</u>

States v. Thompson, 289 F.3d 524, 526 (8th Cir. 2002) (defendant may not complain when district court gave him exactly what his counsel requested--sentence at low end of Guidelines range).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____