# United States Court of Appeals
## For the Eighth Circuit
_____

No. 24-2713
_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Brandon Remme Opdahl

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Eastern
_____

Submitted: October 21, 2025
Filed: March 27, 2026
_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.
_____

KELLY, Circuit Judge.

A jury found Patrick Opdahl guilty of two firearms offenses. Opdahl appeals, arguing the district court[1] erred in denying his motion to dismiss the indictment and that there was insufficient evidence to support his convictions. We affirm.

_____

[1]The Honorable Peter D. Welte, United States District Judge for the District of North Dakota.

# I.

Opdahl lived with his mother and father in Fargo, North Dakota. On the evening of February 1, 2023, Opdahl's mother found him in the garage huffing cans of compressed air, which led to an argument between Opdahl and his parents in the living room. At one point, Opdahl left the room, returned with a gun, and fired at the ceiling. Opdahl's mother called 911.

Opdahl's father asked Opdahl to give him the gun, but Opdahl refused. Instead, he pointed the gun at his own head and then at his father. Law enforcement arrived at the home and soon called in SWAT negotiators to assist. After several hours, Opdahl surrendered.

Law enforcement searched the home and discovered several firearms. In the basement, which served as Opdahl's bedroom, they recovered a Polymer80 pistol with no serial number. Attached to the pistol were an extended magazine and a conversion device, or Glock switch. They also found ammunition consistent with spent casings in the living room. In a black backpack, they found additional magazines, ammunition, and firearm parts. And in a silver briefcase, they found a silencer, magazines, a Polymer80 box, and other firearm attachments. More high-capacity magazines and ammunition were found throughout the basement.

Opdahl was charged with one count of possession of a machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2), and one count of possession of a firearm silencer, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. He moved to dismiss the indictment, asserting it failed to state the essential elements of each charge. The district court denied the motion. After trial, Opdahl was convicted on both counts. He appeals.

II.

"We review the sufficiency of an indictment *de novo*." United States v. Prelogar, 996 F.3d 526, 530–31 (8th Cir. 2021) (citing United States v. Wearing, 837 F.3d 905, 910 (8th Cir. 2016)). "[A]n indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Sholley-Gonzalez, 996 F.3d 887, 893 (8th Cir. 2021) (quoting United States v. Steffen, 687 F.3d 1104, 1109 (8th Cir. 2012)).

To obtain a conviction on each firearm count, the government had to prove that Opdahl "knew of the physical characteristics of the weapon bringing the weapon within the ambit of the [statute.]" United States v. White, 863 F.3d 784, 790 (8th Cir. 2017) (White I) (en banc); see also Staples v. United States, 511 U.S. 600, 619 (1994) (holding the government must prove a defendant knew of the features of a firearm that renders it prohibited under the National Firearms Act); United States v. Pina-Nieves, 59 F.4th 9, 13 (1st Cir. 2023) (applying same standard for prosecution under § 922(o)). Opdahl argues that the indictment failed to adequately allege an offense for both Count 1 and Count 2 because it did not contain the element of knowledge as to either count.

"An indictment that tracks the statutory language is ordinarily sufficient." United States v. Prelogar, 996 F.3d 526, 531 (8th Cir. 2021) (citation modified). The indictment filed in this case alleged as follows:

> [Count One] OPDAHL did knowingly possess a machinegun, specifically: One Machinegun Conversion Device a/k/a/ Glock Switch, with no known manufacturer, model or serial number; In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).
>
> . . .

[Count Two] OPDAHL knowingly received and possessed a firearm, specifically: One Privately Made Firearm silencer, with no known manufacturer, model, or serial number, not registered to him in the National Firearms Registration and Transfer Record; In violation of Title 26 United States Code, Sections 5841, 5861(d), and 5871.

The language on each count closely tracked the corresponding statute. See 18 U.S.C. § 922(o)(1) ("[I]t shall be unlawful for any person to transfer or possess a machinegun."); 26 U.S.C. § 5861(d) ("It shall be unlawful for any person—(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record[.]").

We recognize that "citation to the charging statute does not necessarily cure the omission of an essential element of the offense[.]" United States v. Just, 74 F.3d 902, 904 (8th Cir. 1996) (citing United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988)). But here, the indictment as a whole sufficiently alleged that Opdahl knew of the prohibited characteristics of the firearms—a machinegun and a silencer—as required by Staples. Count 1 alleged that Opdahl "did knowingly possess a machinegun;" and Count 2 alleged that he "knowingly received and possessed . . . [a] silencer." See Staples, 511 U.S. at 623 (Ginsburg, J., concurring) ("'Knowingly possessed' logically means 'possessed and knew that he possessed.'"); cf. Flores-Figueroa v. United States, 556 U.S. 646, 647, 657 (2009) (holding that, in aggravated identity theft statute, the word "knowingly" requires proof of both *knowing* possession and *knowledge* that the "means of identification" in fact belong to "another person").

This court has come to a similar conclusion in other cases addressing the sufficiency of the mens rea element charged in an indictment. See Prelogar, 996 F.3d at 532 (noting that the Supreme Court "clarifie[d] what must be proven to sustain a conviction under [26 U.S.C.] § 7212(a)" but did not require that the additional elements "be charged in the indictment"); United States v. Dvorak, 617 F.3d 1017, 1025–27 (8th Cir. 2010) (concluding that indictment that closely tracked the statute was sufficient even though it omitted essential element of knowledge, which the

Supreme Court had held the government must prove); United States v. Jawher, 950 F.3d 576, 579 n.2 (8th Cir. 2020) (finding no error in omitting knowledge element in indictment after Rehaif). In line with this precedent, we conclude that Opdahl's indictment was sufficient and are confident that it fairly informed him of the charges against him.[2] See Prelogar, 996 F.3d at 532. The district court did not err in denying Opdahl's motion to dismiss.

III.

"We review the sufficiency of the evidence de novo, viewing the evidence and credibility determinations in the light most favorable to the jury's verdict and reversing only if no reasonable jury could have found the defendant guilty." United States v. Young, 129 F.4th 459, 470–71 (8th Cir. 2025) (quoting United States v. Ganter, 3 F.4th 1002, 1004 (8th Cir. 2021)).

A.

First, Opdahl argues there was insufficient evidence to prove he knew the characteristics of the pistol that made it unlawful to possess, *i.e.*, that it was equipped with a Glock switch rendering it capable of firing automatically. "[K]nowledge can be inferred from circumstantial evidence, including any external indications signaling the nature of the weapon." Young, 129 F.4th at 471 (quoting United States v. White, 915 F.3d 1195, 1198 (8th Cir. 2019) (White II). At trial, an ATF Agent testified that a "Glock-type machinegun conversion device converts a semi-automatic Glock-type pistol into a machinegun." And he identified the "black cylinder object sticking out to the left side" as the Glock switch's selector, which is designed "to select between semi-automatic and automatic fire." The jury also saw photographs depicting a visible Glock switch attached externally to the rear of the

---

[2]Nothing in this opinion should be read to prevent the government from expressly including elements like those at issue here in an indictment. Doing so would be a significant step toward eliminating any doubts about the sufficiency of the indictment.

pistol. Cf. United States v. Nieves-Castaño, 480 F.3d 597, 600–01 (1st Cir. 2007) (finding government failed to prove Nieves-Castaño knew the AK-47, found in a golf bag, had been altered to fire automatically based on the *internal* modification without proof he had fired the gun or had seen the firearm in the bag).

In addition, the jury heard a recorded phone call that Opdahl made from jail after his arrest. In that call, Opdahl talked about firearms and firearm parts, including a type of firearm that was "illegal." He discussed how he wanted to pay a "bond on the guns and like stuff that they . . . seized," so that he could get it all back. In response, the other man on the phone told Opdahl that he could not get "that Glock with the switch" returned to him, which Opdahl acknowledged, expressing disappointment. An officer at trial also testified that on another call Opdahl said he was going to "build more guns" when he was released from jail. Viewing the evidence in the light most favorable to the verdict, a reasonable jury could find that Opdahl knew the characteristics of the pistol that rendered it capable of firing automatically.

B.

Next, Opdahl argues that the government failed to prove he knowingly possessed the silencer. "A firearm [including a silencer] may be possessed actually or constructively and such possession may be sole or joint." Young, 129 F.4th at 471 (quoting United States v. Guenther, 470 F.3d 745, 747 (8th Cir. 2006)); see 26 U.S.C. § 5845(a) (defining "firearm" to include "any silencer"). "Constructive possession is established by proof that the defendant had control over the place where the firearm was located, or control, ownership, or dominion over the firearm itself." Id. (quoting United States v. Cox, 627 F.3d 1083, 1085 (8th Cir. 2010)). "[K]nowledge of a firearm's presence, combined with control is constructive possession." Id. (quoting United States v. Fisher, 965 F.3d 625, 630 (8th Cir. 2020)).

A jury could reasonably find that Opdahl had dominion over the area where the silencer was found. Opdahl used a portion of the basement as his bedroom. Law

enforcement found the silencer in a silver briefcase located in Opdahl's bedroom. The briefcase was next to Opdahl's black backpack, which contained the Polymer80 pistol. Opdahl's parents—the only others who lived at the home—testified that they did not own a silencer or any other firearms. And during a recorded call from the jail, Opdahl talked about "the suppressor kit," hoping he could get it back because it "wasn't even drilled out." The record supports the jury's finding that Opdahl knowingly possessed the silencer. See United States v. Caudle, 968 F.3d 916, 921 (8th Cir. 2020) (holding the evidence sufficient to find constructive possession of a firearm located in the home "where [defendant] had unrestricted access" and testimony established he lived in the home).

IV.

The judgment of the district court is affirmed.

_____